FILED
2012 Aug-10  AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LOLA GRIFFITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:12-CV-1756-VEH** |
| | ) | |
| **WAL-MART STORES EAST, L.P.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## MEMORANDUM OPINION

## I.   INTRODUCTION

This matter is before the court on Plaintiff's Motion To Remand (Doc. 5) (the "Remand Motion"), filed on May 30, 2012.  Defendant responded to the Remand Motion on June 13, 2012.  (Doc. 6).  Plaintiff elected not to file a reply brief.  Therefore, the Remand Motion is under submission and ripe for the court's decision.

Having carefully considered the removal papers (Doc. 1) and briefing by the parties, the court concludes that the requisite jurisdictional amount in controversy is not clearly established in the removal papers and, therefore, this case was improvidently removed.  Thus, Plaintiff's Remand Motion is due to be granted, and the court will remand this case to the Circuit Court of Jefferson County, Alabama.

## II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Lola Griffiff ("Ms. Griffith") originally filed her complaint in the Circuit Court of Jefferson County, Alabama, on February 23, 2012.  (Notice of Removal, Doc. 1 at Ex. 4).  Her complaint is styled in two counts, claiming negligence and wantonness against Wal-Mart in relation to a slip-and-fall accident that occurred on July 11, 2011, at Wal-Mart store #762 in Birmingham, Alabama. Ms. Griffith did not allege the specific nature of her injuries, indicating only that she suffered "serious personal injuries and other damages."  (*Id.* ¶ 5).

Moreover, Ms. Griffith did not allege a specific monetary value of her damages.  Instead, she made the following general claim for damages:

> a.    Plaintiff was caused to suffer various injuries;
> b.    Plaintiff was caused to seek medical treatment in and about her efforts to heal and cure her injuries and will be caused to incur additional bills in the future;
> c.    Plaintiff was caused to incur medical bills, hospital bills, doctors' bills and prescription expenses in an effort to cure her injuries and will be caused to incur additional bills in the future;
> d.    Plaintiff was caused to suffer physical pain and discomfort;
> e.    Plaintiff was caused to suffer mental anguish, distress, and embarrassment.
>
> . . . .
>
> WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands Judgment against all Defendants, whether named or fictitiously described (#1-16), for compensatory and punitive

2

> damages in an amount that the Plaintiff would legally and
> justifiably be entitled to recover as determined by the trier of fact,
> plus interest and costs.

(*Id.* ¶ 10, Prayer for Relief).

On May 2, 2012, more than thirty days after receipt of the Complaint, but less than one year after commencement of this action, Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") removed the case to federal court.  (Notice of Removal, Doc. 1). The court's jurisdiction is premised on 28 U.S.C. § 1332, diversity of citizenship.  (*Id.* ¶ 4).  Wal-Mart avers that the parties are citizens of different states.  (*Id.* ¶¶ 2, 4). Further, Wal-Mart contends that "the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332."  (*Id.* ¶ 4).  The Notice of Removal relies solely upon Ms. Griffith's responses to a set of requests for admission to establish that the amount in controversy requirement is satisfied.  (*Id.* ¶¶ 7–14).  Wal-Mart maintains that Ms. Griffith's responses to the requests for admission constitute "other paper" upon which removal can be based under 28 U.S.C. § 1446(b).  (*Id.* ¶ 12).

The admissions Wal-Mart requested from Ms. Griffith on March 28, 2012, were stated as follows:

1.    That you do not claim in excess of $75,000.00 as total damages
      in this case.

2.      That you do not intend to claim over $75,000.00 as total damages
        in this case.

3.      That you will not seek over $75,000.00 in total damages in this
        case.

4.      That you waive any about of damages ever entered in this case in
        excess of $75,000.00.

5.      That you will not accept any award of damages over $75,000.00
        in this case.

6.      That you agree that the above-stated limitations on your claim for
        damages will be binding on you, your heirs, representatives, and
        assigns with regard to all claims made or ever made in this lawsuit
        against Wal–Mart Stores East, L.P. or any of its employees.

(Doc. 1 at Ex. 1).

Ms. Griffith's response to each request was stated as follows:

RESPONSE: Plaintiff objects to this improper request for admission as
being completely outside the scope and purpose of Rule 36.
Specifically, this request for admission attempts to require Plaintiff to
speculate on the course of future discovery and further, the purpose of
Rule 36 is to "expedite the trial and to relieve the parties of the cost of
proving facts which will not be disputed at trial," not to pre-try such
issues (See A.R.C.P. 36, committee comments on 1973 Adoptions).
Without waiving this objection, request for admission - denied.

(Doc. 1 at Ex. 2) (emphasis added).

## III.    LEGAL STANDARDS

### A.    Subject Matter Jurisdiction Generally

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction.

4

They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Accordingly, '[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power.'" *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S. Ct. 418, 425, 30 L. Ed. 2d 383 (1971)). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could

'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (footnote omitted) (citation omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S.

404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B.     Defendant's Burden on Removal

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the removing defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists."). "The court should determine its jurisdiction over the case 'based upon the plaintiff's pleadings at the time of removal.'" *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003).

"[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Lowe's*, 995 F. Supp. at 1389 (emphasis

added) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996)).

## IV.   ANALYSIS

As stated above, Defendants premise their removal exclusively upon this court's diversity jurisdiction.  "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."  *Williams*, 269 F.3d at 1319 (citing 28 U.S.C. § 1332(a)).  Therefore, removal jurisdiction based upon diversity mandates: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### A.   Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant."  *Palmer v. Hosp. Auth.*, 22 F.3d 1559,1564 (11th Cir. 1994).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  *Taylor*, 30 F.3d at 1367.

In their notice of removal, Defendants have effectively met the diversity of citizenship requirement based upon the residence of Ms. Griffith in Alabama (*see* Doc. 1 ¶ 1; *see also id.* Ex. 4 at Compl. ¶ 1 (stating Ms. Griffith "is a resident citizen of the City of Birmingham, County of Jefferson, State of Alabama")), and the states of citizenship for Wal-Mart in Delaware and Arkansas.  (Doc. 1 ¶ 2).  Additionally,

8

Ms. Griffith does not dispute that complete diversity exists.

### 2. Amount in Controversy Requirement

Ms. Griffith contests the amount in controversy prong. Regarding this quantitative requirement, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding interests and costs, is that which exceeds $75,000. 28 U.S.C. § 1332(a) (2012) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . .[.]").

The removal procedure statute, 28 U.S.C. § 1446, contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as "first paragraph removals")[1] involves civil cases where the

---

[1] The now-defunct distinction between "first paragraph" and "second paragraph" removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing "first paragraph" and "second paragraph" removals is still applicable despite its outdated terminology. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010) ("As we will explain, *Lowery* was a case that involved the removal procedures in the second paragraph of 28 U.S.C. § 1446(b), and the decision must be read in that context."); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). The recently revised version

jurisdictional grounds for removal are apparent on the face of the initial pleadings. *See* 28 U.S.C. § 1446(b)(1) (2012). The second way (formerly referred to as "second paragraph removals") contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion,

---

of the removal procedure statute reads, in relevant part, as follows:

**(b) Requirements; generally.--**

**(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**(2)**       **(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

**(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

**(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). As such, the "first paragraph removals" discussed in prior case law are now embodied in subsection (1), *id.* § 1446(b)(1), and the "second paragraph removals" are now encompassed in subsection (3), *id.* § 1446(b)(3).

order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012) (emphasis added). The recently revised version of the removal procedure statute expressly clarifies that discovery responses, such as those presented by Wal-Mart in the instant case, can constitute "other paper" from which diversity jurisdiction can be established. *Id.* § 1446(c)(3)(A) (2012) ("If the case stated by the initial pleading is not removable *solely because* the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, *or in responses to discovery*, shall be treated as an 'other paper' under subsection (b)(3)." (emphasis added)).

Here, Ms. Griffith has made an unspecified demand for damages in her complaint. Wal-Mart did not rely on the complaint alone to establish the requisite jurisdictional amount and remove within thirty days of its receipt.[2]  Instead, Wal-Mart's removal was more than thirty days after receipt of the complaint and was premised solely on its receipt of "other paper"—namely, Ms. Griffith's responses to Wal-Mart's requests for admission, which Wal-Mart attached to its Notice of Removal. (*See* Doc. 1 at 85–87).

---

[2]  The court assumes, without deciding, that Wal-Mart could not have removed based solely on the complaint.

11

Because Ms. Griffith made an unspecified demand for damages, Wal-Mart must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the requisite jurisdictional amount. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *accord Lowery,* 483 F.3d at 1210 ("Defendants must establish the jurisdictional amount by a preponderance of the evidence."). Moreover, the "other paper" (discovery responses) Wal-Mart relied on in its removal documents must "clearly" and "unambiguously" establish federal jurisdiction. *Lowery*, 483 F.3d at 1112 n.63 (explaining that a defendant's removal documents "must contain an unambiguous statement that clearly establishes federal jurisdiction"); *id.* at 1218 ("[W]e are limited in our review to determining whether the pleadings or 'other paper' included with the notice of removal provide an unambiguous statement that clearly establishes federal jurisdiction over this action.").

The key inquiry before the court, therefore, is whether Wal-Mart has clearly and unambiguously established the jurisdictional amount by a preponderance of the

12

evidence.  Wal-Mart relies solely on Ms. Griffith's denials of its requests for admission to establish the jurisdictional amount.  (*See* Doc. 6 at 5 ("It is the position of Wal-Mart that Plaintiff's responses to Wal-Mart's requests for admissions establish by a preponderance of the evidence that Plaintiff is seeking in excess of the jurisdictional amount.").  Ms. Griffith, citing to several cases and a law treatise, argues that her denials of Wal-Mart's requests for admission do not constitute statements of fact; rather, they merely indicate that she is not willing to concede the fact or issue and, as a result, the fact or issue must be proven at trial.  (Doc. 5 at 4-5 (citing *Gutierrez v. Mass Bay Transp. Auth.*, 722 N.E.2d 552, 567 (Mass. 2002) ("A denial of a request for admission is not a statement of fact; it simply indicates that the responding party is not willing to concede the issue and, as a result, the requesting party must prove the fact at trial."), Larry Roger, Jr., *Litigating Tort Cases* § 17:19 (2008) ("Contrary to an admission, a denial of a request for admission requires that the proponent of the fact introduce evidence at the trial of the cause to establish the fact."), *Spears v. Wal-Mart*, Case No. 2:09-CV-894-RDP, Docs. 8, 9 (N.D. Ala. June 9, 2009), and *Harmon v. Wal-Mart Stores, Inc.*, No. 3:08-CV-309-MEF, 2009 WL 707403 (M.D. Ala. Mar. 16, 2009)).

More specifically, Ms. Griffith contends that this case is nearly identical to *Spears* and *Harmon*, where other district judges in the Eleventh Circuit have squarely

13

addressed the issue of whether a plaintiff's denials of defendant Wal-Mart's requests for admission sufficiently established the requisite amount in controversy.  In *Spears* and *Harmon*, the courts found that the denials of the requests for admission (which were similarly, if not identically, worded to those propounded in the instant case) were not sufficient to establish jurisdiction.  The court agrees with the persuasive reasoning of those cases,[3] and likewise finds that Wal-Mart has not met its burden on demonstrating the amount in controversy requirement.

Turning first to *Harmon*, the court finds this case highly persuasive because of its factual similarities and careful reasoning.  In *Harmon*, the Honorable Mark E. Fuller, Chief District Judge of the Middle District of Alabama, thoroughly addressed whether denial of these same type of requests is sufficient to establish the amount in controversy.  He persuasively reasoned:

> The other paper proffered by Defendant is insufficient to establish jurisdiction. Defendant attempted to establish facts "received from the plaintiff" sufficient to support jurisdiction by requesting admissions to six questions about the amount in controversy framed in the negative, such as "you do not claim in excess of $75,000.00 as total damages in this case" and "you will not seek over $75,000.00 as total damages in this case." Plaintiff responded to each of these inquiries with a simple "Deny." Defendant's apparent hope is that the negativity of the denial

---

[3]  The opinions of other district court judges, even in the Northern District of Alabama, are not binding on this court.  *See, e.g.*, *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co., Ltd.*, 240 F.3d 956, 965 (11th Cir. 2001) ("[T]he district court cannot be said to be bound by a decision of one of its brother or sister judges" although such decisions may be persuasive).

would, as a matter of logic, cancel the negatives in the questions, yielding an admission of the positive opposite of the negative propounded statements. (i.e., Defendant argues that if Plaintiff denies that she does not claim in excess of $75,000, she must claim in excess of $75,000 because one or the other must be true—the choice is binary). Or, stated generically, Defendant sought to prove the positive by eliciting a denial of the negative.

Defendant cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined. It is true that in formal logic, and even in everyday language, that what *is* may be inferred from a statement about what *is not.* Or, that denial is the opposite of affirmation. Or, in a universe where only A and B are possible, but one of either A or B must be, one can construct a sound disjunctive syllogism like this one:

Either A or B.  Not A,

Therefore B.

In the context of a request for admission to a plaintiff from a defendant, however, the effect of a denial is not the same. On the one hand, when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *see U.S. v. 2204 Barbara Lane,* 960 F.2d 126, 129 (11th Cir. 1992). On the other, the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute. Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment (describing the purpose of requests for admission as "to ascertain whether the answering party is prepared to admit *or regards the matter as presenting a genuine issue for trial* ") (emphasis added); *see also O'Meara–Stearling v. Mitchell,* 299 F.2d 401, 404 (5th Cir. 1962)[4] (noting that the purpose of this rule is to provide for admission of

matters about which there is no dispute); *Gutierrez v. Mass. Bay Transp.
Auth.,* 437 Mass. 396, 772 N.E.2d 552, 567 (Mass. 2002) ("A denial of
a request for admission is not a statement of fact; it simply indicates that
the responding party is not willing to concede the issue and, as a result,
the requesting party must prove the fact at trial."); Larry Rogers, Jr.,
*Litigating Tort Cases* § 17:19 (2008) ("Contrary to an admission, a
denial of a request for admission requires that the proponent of the fact
introduce evidence at the trial of the cause to establish the fact.").
Hence, Plaintiff's denial of the six questions propounded by Defendant
serves not to establish that an amount in excess of $75,000 is in dispute,
but rather that Plaintiff is not willing to concede the issue and that an
amount in excess of $75,000 is in dispute is itself in dispute. Refusal to
concede is not a statement of fact and cannot support jurisdiction.

Therefore, while this paper is a proper item for consideration and
was received from Plaintiff, its contents do not provide the clear and
unambiguous statement required to establish subject matter jurisdiction
over this action. Defendant has therefore not met its burden of proving
facts by a preponderance of the evidence that establish jurisdiction.

*Harmon*, 2009 WL 707403, at *3-4 (footnotes omitted).

Similarly, in *Spears*, District Judge R. David Proctor, faced with similar facts,

relied on Chief Judge Fuller's analysis in *Harmon* in concluding that the plaintiff's

denials of Wal-Mart's requests for admission were not sufficient to demonstrate the

requisite amount in controversy.  Judge Proctor's analysis is set out as follows:

Defendant's Notice of Removal asserts that Plaintiff's denial of its
Requests for Admission, and thus her refusal to admit that she will not
claim and does not seek in excess of $75,000.00, establishes that the
amount in controversy is in excess of $75,000.00, the requisite
jurisdictional amount. In a separate case involving Wal-Mart, Chief
Judge Fuller of the Middle District of Alabama, has already addressed
whether denial of these same type of requests is sufficient to establish

the amount in controversy. *Harmon v. Wal-Mart Stores, Inc.*, 2009 WL 707403 (M.D. Ala. 2009).

> Defendant's apparent hope is that the negativity of the denial would, as a matter of logic, cancel the negatives in the questions, yielding an admission of the positive opposite of the negative propounded statements. (*i.e.*, Defendant argues that if Plaintiff denies that she does not claim in excess of $75,000.00, she must claim in excess of $75,000.00 because one or the other must be true-the choice is binary). Or, stated generically, Defendant sought to prove the positive by eliciting a denial of the negative.

*Harmon*, 2009 WL 707403 at *3. General principles of logic do not apply here.

> In the context of a request for admission to a plaintiff from a defendant, however, the effect of a denial is not the same. On the one hand, when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.") ... . On the other, the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute.

*Harmon*, 2009 WL 707403 at *4 (citing Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment) (internal citation omitted). "Hence, Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction." *Id.*

> In its response to the Show Cause Order and Motion to Remand,

17

Defendant directs the court's attention to the case of *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239 (M.D. Ala. 2008). The defendant in that case based its removal on similar, but not identical, requests for admission regarding the amount in controversy and the responses by the plaintiff. Williams moved to remand, but the basis for the motion to remand was timeliness. That is, in *Williams,* the court's opinion does not address the issue of whether the amount in controversy was satisfied. *Williams*, 534 F. Supp. 2d at 1242-43.

Defendant also asserts that *Harden v. Field Memorial Community Hosp.*, 516 F. Supp. 2d 600 (S.D. Miss. 2007) supports its removal. That case differs in some key aspects related to its factual allegations and the injuries claimed by that plaintiff. *Harden* is a medical malpractice case in which the plaintiff alleged that she "fainted while on a gurney in Field Memorial Hospital's emergency room ... [and] suffered a fractured jaw and nose, contusions, and lacerations due to the emergency room staff's failure to raise the gurney's 'pull-up' railing." *Harden*, 516 F. Supp. 2d at 607. She sought "damages for her past, present, and future pain and suffering, loss of enjoyment of life, disabilities, disfigurement, and medical treatment." *Harden*, 516 F. Supp. 2d at 608.  In the case before this court, Plaintiff alleges that she slipped and fell in a Wal-Mart store and suffered unspecified injuries.

In *Harden*, the plaintiff served evasive responses to the defendant's requests for admissions of which the court clearly did not approve. *Harden*, 516 F. Supp. 2d at 608-09. The court noted that, "[a]lthough the plaintiff's discovery responses are vague and indefinite, her failure to admit or deny the requests for admission, coupled with her refusal to limit her damages as well as with her demand for multifold relief, make it unequivocally clear and certain that she intended to seek more than $75,000.00." *Id.* However, *Harden* is distinguishable because in that case "the plaintiff made clear in her Memorandum of Authorities in support of her Motion to Remand based upon untimely removal that she intends to seek more than $75,000.00." *Id.*

Chief Judge Fuller's analysis of the effect of the denial of these types of requests for admission is persuasive. The denial of the negative

requests does not equal an affirmative. Because the jurisdictional amount in controversy in this case is not apparent on the removing documents, "the proper course is remand." *Lowery*, 483 F.3d at 1218.

*Spears*, 2:09-CV-894-RDP, Doc. 8 at 3-5.

In this case, as in *Spears*, Wal-Mart relies on the same two cases to demonstrate that it has met its burden of demonstrating the jurisdictional amount. (Doc. 6 at 5 ("Wal-Mart contends that the district courts in *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239 (M.D. Ala. 2008), and in *Harden v. Field Memorial Community Hosp.*, 516 F. Supp. 2d 600 (S.D. Miss. 2007), correctly decided the issue which is presently before this Court."). Like Judge Proctor in *Spears*, the undersigned finds that *Williams* and *Harden* are not persuasive to support Wal-Mart's argument because both cases are distinguishable: the *Williams* analysis centered on timeliness issues and did not reach amount-in-controversy analysis, and *Harden* presented different facts in that the plaintiff manifested her intent to seek more than $75,000.00. *See Williams*, 534 F. Supp. 2d at 1242-45; *Harden*, 516 F. Supp. 2d at 609 ("The plaintiff's evasive response to the defendants' requests for admission, *combined with the plaintiff's manifestation of her intent to seek over $75,000.00*, is tantamount to a denial of the defendants' requests for admission." (emphasis added)).

For these reasons, *Williams* and *Harden* materially differ from instant case, whereas *Harmon* and *Spears* are both relevant and instructive. Specifically, the court

19

finds that Ms. Griffith's denials of Wal-Mart's requests for admission do not constitute "unequivocally clear and certain" evidence that she intends to see more than $75,000 in damages. Like Judge Fuller, the court concludes that Wal-Mart cannot "prove the positive by eliciting denial of the negative." *Harmon*, 2009 WL 707403, at *3. Stated differently, as put by Judge Proctor, "[t]he denial of the negative requests does not equal an affirmance." *Spears*, Doc. 8 at 5.

Moreover, in this case, Ms. Griffith's responses to Wal-Mart's requests for admission are the *only* evidence Wal-Mart relies on to support its position that the jurisdictional minimum is met. *Cf. Martin v. Coventry Heath Care Workers Comp., Inc.*, Case No. 4:12-cv-1057-VEH, Doc. 13 at 10-12 (N.D. Ala. May 14, 2012) (finding that defendants met the preponderance-of-evidence standard on removal when it presented multiple grounds to support satisfaction of the jurisdictional minimum, including factors apparent on the face of the complaint, which the court considered in combination). The court cannot conclude that the "other paper" proffered by Wal-Mart in this case, standing alone, is sufficient to clearly and unambiguously establish the court's jurisdiction. Accordingly, like *Spears* and *Harmon*, this cause is due to be remanded.

## V.   CONCLUSION

Because the answers to the requests for admission do not amount to an

20

unambiguous statement that clearly establishes this court's jurisdiction, Wal-Mart has not met its burden of proving subject matter jurisdiction by a preponderance of the evidence. *Lowery*, 483 F.3d at 1211. Therefore, Ms. Griffith's Motion to Remand (Doc. 5) is due to be **GRANTED**, and this case is due to be remanded to state court. An Order consistent with this Memorandum Opinion will be separately entered.

      **DONE** and **ORDERED** this the 10th day of August, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

21